IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| South Carolinians for Responsible Government, | ) |
| | ) C/A No. 3:06-1640-MBS |
| Plaintiff, | ) |
| vs. | ) |
| Kenneth C. Krawcheck, Edward E. Duryea, Marvin D. Infinger, Susan P. McWilliams, Priscilla L. Tanner, Johnnie M. Walters, all in their official capacities as commissioners of the South Carolina Ethics Commission, and Herbert R. Hayden, in his capacity as Executive Director of the South Carolina Ethics Commission, | ) **O R D E R** |
| Defendants. | ) |

Plaintiff South Carolinians for Responsible Government filed the within complaint on May 30, 2006, seeking declaratory and injunctive. Plaintiff asserted that S.C. Code Ann. §§ 8-13-1300, et seq., violated its rights relief under the First and Fourteenth Amendments of the United States Constitution. Plaintiff brought this action pursuant to 42 U.S.C. § 1983.

The case originally was assigned to the Honorable Matthew J. Perry, Jr. On November 28, 2006, Judge Perry dismissed the case on motion of Defendants Kenneth C. Krawcheck, Edward E. Duryea, Marvin D. Infinger, Susan P. McWilliams, Priscilla L. Tanner, Johnnie M. Walters, and Herbert R. Hayden. Plaintiff filed a motion for reconsideration and clarification on December 12, 2006. On March 25, 2009, Judge Perry granted Plaintiff's motion and vacated the November 28, 2006 order of dismissal.

On April 15, 2010, Plaintiff filed a motion for summary judgment. Defendants filed a motion

to dismiss on September 24, 2010. Judge Perry held a hearing on November 19, 2010, in which he orally granted in part and denied in part Plaintiff's motion for summary judgment and denied Defendants' motion to dismiss. After Judge Perry passed away on July 29, 2011, the case was reassigned to the undersigned, at which time the parties requested reargument on the motion for summary judgment and motion to dismiss  The court held a hearing on January 18, 2012. On February 23, 2012, the court issued an order granting in part and denying in part Plaintiff's motion for summary judgment, and denying Defendant's motion to dismiss. Specifically, the court held that the definition of "committee" in S.C. Code Ann. § 8-13-1300(6) is overbroad and facially unconstitutional. The court further determined that the doctrine of collateral estoppel provided an alternative basis for the court's ruling, in that the Honorable Terry L. Wooten reached the same conclusion regarding the definition of "committee" in section 8-13-1300(6) in South Carolina Citizens for Life, Inc. v. Krawcheck, C/A No. 4:06-cv-273-TLW. The court declined to address any of the remaining issued raised by Plaintiff in its motion for summary judgment.

This matter now is before the court on Plaintiff's motion for attorneys' fees, costs, and expenses, which motion was filed on March 8, 2012 (ECF No. 179). Defendants filed a response in opposition on April 20, 2012, to which Plaintiff filed a reply on April 25, 2012. The issue at this stage of the proceedings is the court's consideration of the factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216, 236 n. 28 (4th Cir. 1978), as well as any exceptional circumstances and the ability of the party to pay the fee. See Local Civil Rule 54.02, D.S.C. The Barber factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of

the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Id.

Plaintiff notes that it primarily was represented during the within litigation by Kevin A. Hall; Karl S. Bowers, Jr.; and Matthew Todd Carroll. These attorneys command an hourly rate of $425, $385, and $275, respectively. In addition, paralegals and support staff participated in the case at an hourly rate of $140. Plaintiff notes that the parties engaged in a number of discovery disputes and attended numerous hearings throughout the duration of the litigation. Plaintiff also contends that the issue was novel and difficult and that the case required substantial skill to litigate. Morever, Plaintiff's counsel aver that they were "economically punished" as the result of their involvement with Plaintiff, whom counsel describe as a "politically unpopular organization" that has been "demonized by opponents of its limited-government and school-choice ideas." ECF No. 179, 10, 12. Counsel also contend that the fees they request are customary for like work, and that they expected compensation for a successful result in accordance with 42 U.S.C. § 1988. Counsel argue that they obtained full vindication for Plaintiff, that Plaintiff and counsel have a lengthy professional relationship, and that attorneys' fees have been awarded in similar cases. Plaintiffs seeks attorneys' fees, costs, and expenses in the total sum of $610,904.66. ECF No. 186, 7.

Defendants argue that the sums sought by counsel should be reduced because (1) Plaintiff achieved only limited success on its motion for summary judgment, in that the court did not address the alternate grounds posited by Plaintiff; and (2) Plaintiff prevailed only because it reshaped its

arguments to conform with Judge Wooten's ruling in South Carolina Citizens for Life regarding the definition of "committee" in section 8-13-1300(6). Defendants note that Plaintiff opposed consolidation of the within action and South Carolina Citizens for Life on the grounds that the two cases were based upon different theories of recovery. However, according to Defendants, Plaintiff abandoned the theories originally set forth in the complaint in order to advance at summary judgment the identical arguments successfully put forth in South Carolina Citizens for Life. Defendants argue that, had the cases been consolidated, they would not be subjected "to the double exposure of massive attorneys fees awards" for a result that is duplicative in nature.[1]

The court concurs with Judge Wooten's reasoning that the attorneys' fees, costs, and expenses sought by Plaintiff should be reduced by 35 percent for partial success. The court further determines that the attorneys' fees, costs, and expenses sought by Plaintiff should be reduced by an additional five percent to eliminate unnecessary duplication of effort. Accordingly, the court **grants** Plaintiff's motion for attorneys' fees, costs, and expenses in the amount of $366,542.79, which represents 60 percent of the $610,904.66 sought.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

July 9, 2012

---

[1] The plaintiff in South Carolina Citizens for Life sought attorneys' fees and costs in the amount of $342,848.16. Judge Wooten awarded attorneys' fees and costs in the amount of $222,851.31, which amount represented a 35 percent reduction for partial success.